## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>v.<br><br>BRANDY NGIRAIBAI STEPHANUS,<br>DOB: 05/31/1979<br>Defendant. | CRIMINAL CASE NO. CF0049-19<br><br><br>**DECISION AND ORDER** |

### INTRODUCTION

This case asks a simple question that turns out not to be so simple: Can a court, years after imposing a lawful prison sentence, put that sentence on hold so the defendant can be deported? The People say yes. They argue that suspending custody would serve practical ends—saving resources and aligning criminal justice with immigration enforcement. The Defendant agrees, urging that a stay would smooth the path for removal and avoid unnecessary incarceration.

But statutes and structure tell a different story. Guam law sets a firm deadline for changing sentences, and that deadline passed long ago. And even if the statute left room, the Constitution does not. It draws bright lines between what judges do and what the executive does. Those lines matter here. They keep courts from rewriting sentences to achieve executive objectives, however sensible those objectives might seem.

So the question is narrow but important: whether this Court retains authority—statutory or constitutional—to amend or suspend a custodial sentence more than four years after judgment, for the purpose of facilitating deportation. The answer is no.

## BACKGROUND

On January 26, 2019, Defendant appeared before the Honorable Jonathan R. Quan for a Magistrate's Hearing. At that hearing, the People charged Defendant with Murder (as a First Degree Felony) with a Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; Aggravated Assault (as a Second Degree Felony) with a Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; and Aggravated Assault (as a Third Degree Felony) with a Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. *See*, Compl. (Jan. 26, 2019).On February 1, 2019, Defendant was indicted on the same charges. *See,* Indictment (Feb. 1, 2019). On June 18, 2020, Defendant pled guilty to Manslaughter (as a First Degree Felony), a lesser-included offense of the first charge of murder. *See*, Judgment (June 18, 2020).On July 19, 2024, the People filed a Motion to Amend Release Conditions to Deport Defendant, asking the Court to hold Defendant's prison term in abeyance so long as Defendant remains deported outside the United States. *See,* People's Mot. to Amend Release Conditions (July 19, 2024). On March 18, 2025, Defendant filed a Motion to Amend Judgment requesting that the Court stay the sentence to effectuate a removal order. On August 25, 2025, the People renewed their motion. The Court took both matters under advisement following the September 4, 2025 hearing.

## DISCUSSION

In addressing these motions, the Court first considers whether it retains statutory authority to amend or stay a sentence entered more than four years ago under 8 GCA § 120.46.

The Court then examines whether, even assuming statutory authority, the requested relief would violate the constitutional separation of powers by intruding upon functions reserved to the executive branch.

**I.      The Court Lacks Authority To Amend A Sentence After 120 Days Under 8 GCA § 120.46.**

Under Guam law, a court may reduce a sentence "within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal." 8 GCA § 120.46. The Supreme Court of Guam has clarified that the Superior Court may exercise general jurisdiction over post-conviction motions where no statutory bar exists. *People v. Adriatico*, 2024 Guam 7 ¶ 14. But this general jurisdiction is limited by explicit legislative commands.

Here, Defendant seeks to "stay" or "amend" his custodial sentence more than four years after judgment was entered. Re-labeling the relief as a "stay" does not avoid the statute's prohibition because the effect is the same: it asks the Court to alter the execution of a sentence after the period in which the Legislature has authorized judicial intervention has closed. The Guam Supreme Court's recognition of general jurisdiction over post-conviction motions is expressly conditioned on the absence of a statutory bar. Section 120.46 is such a bar—it is not procedural but jurisdiction-stripping. Once the 120-day window lapses, the Court's jurisdiction to disturb a sentence is extinguished, regardless of equities or collateral immigration consequences. Because the statutory deadline has expired, the Court no longer retains authority to amend, stay, or otherwise modify the sentence, and the motions are therefore barred.

Accordingly, Defendant's Motion to Amend Judgment and the People's Motion to Amend Release Conditions are denied for lack of jurisdiction under § 120.46.

## II. Separation Of Powers Principles Prohibit Judicial Modification Of A Valid Custodial Sentence To Facilitate Deportation.

Even if § 120.46 did not foreclose relief, fundamental separation of powers principles prevent the judiciary from modifying a valid custodial sentence after execution has begun. The Constitution vests legislative, executive, and judicial powers in distinct branches. *INS v. Chadha*, 462 U.S. 919, 946 (1983). The Supreme Court of the United States has held that once a defendant begins serving a custodial sentence, the court may not alter that sentence into a probationary one without infringing on executive powers. *Affronti v. United States*, 350 U.S. 79, 83–84 (1955).

Here, Defendant's request to stay the sentence so that deportation proceedings may occur would intrude upon the executive branch's authority over parole, deportation, and clemency. Removal decisions are carried out by federal executive agencies; they are not effectuated through judicial alteration of criminal sentences. The Supreme Court rejected similar efforts to judicially re-engineer custodial terms once service has begun because doing so would displace executive authority over the consequences and administration of criminal judgments. The structural allocation of powers under the Constitution does not permit a court to convert, suspend, or postpone custody to achieve an executive objective. The Defendant's request therefore falls outside the judicial function and cannot be granted without violating separation of powers principles. Accordingly, the Court lacks jurisdiction to grant relief on that basis.

//

//

//

//

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Amend Judgment and **DENIES** the People's Motion to Amend Release Conditions.


**IT IS SO ORDERED** _____DEC 0 9 2025_____ .


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**


**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_AG, PDSC_

_12/09/25    4:21pm_
Date        Time
_Albert Cutche_
Deputy Clerk, Superior Court of Guam